United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLOBALMEDIA GROUP, LLC, | CASE NO. 5:11-CV-00778-EJD |
| Petitioner/Applicant, | **ORDER DENYING MOTIONS TO DISMISS AND GRANTING SECOND AMENDED PETITION TO COMPEL ARBITRATION** |
| v. | |
| LOGITECH, INC, | |
| Respondent. | [Re: Docket Item No. 9, 30, 50] |

This matter comes before the court on the petition of GlobalMedia Group, LLC to compel arbitration with Logitech, Inc. For the reasons set forth below, the petition is granted.

I.   BACKGROUND

In 2001, Defendant Logitech settled two lawsuits with PAR Technologies, Inc. regarding Logitech's alleged infringement of U.S. Patent No. 5,855,343. Second Amended Application/Petition to Compel Arbitration ("SAP") ¶ 12, ECF No. 50. Logitech and PAR Technologies signed a Settlement and License Agreement (the "SLA") pursuant to which Logitech agreed to pay ongoing royalties on certain Licensed Products. SAP ¶¶ 11–13 & Ex. 2. The SLA includes an arbitration clause:

> 6.1   <u>Arbitration</u>. Each Party will make good faith efforts to amicably resolve any disputes that may arise under this Agreement, including but not limited to disputes regarding whether a particular product falls within the definition of a Licensed Product. However, in the event the parties are unable to amicably resolve any such dispute within thirty (30) days, either Party may provide the other Party with written

> notice requesting that the matter be settled by arbitration in the Northern District of California.
>
> 6.2   <u>Arbitration Procedure</u>. There will be one (1) arbitrator chosen by mutual agreement of the Parties. In the event the Parties cannot agree to the arbitrator within ten (10) business days after referral of the matter to arbitration, either Party may apply to the court and request appointment of an arbitrator. The Parties agree that any arbitrator chosen or appointed must have substantial experience and expertise in patent law. . . . [The arbitrator's] decision shall be final and binding upon the parties.

SAP Ex. 2. It also includes an anti-assignment provision:

> 7.9   Neither Party shall assign any of its rights or privileges hereunder without the prior written consent of the other Party, except to a successor in ownership of the assigning party whether by merger, acquisition, sale of substantially all of a Party's assets, which successor shall expressly assume in writing the performance of all the terms and conditions of this Agreement then to be performed by the assigning party as if it were named herein in the place of the assigning party. Any attempted assignment in derogation of the foregoing shall be void.

<u>Id.</u> (from the unredacted version lodged with the court and quoted in GlobalMedia's Reply at 3:11–20, ECF No. 56.) By its own terms, the contract is governed by California law, and any action to enforce the contract must be brought in the U.S. District Court for the Northern District of California. <u>Id.</u> ¶ 7.10.

In 2002, PAR Technologies assigned its rights under the Agreement to GlobalMedia Group, LLC, as its successor; Logitech ratified the assignment, and makes its royalty payments to GlobalMedia. SAP Ex. 1 ¶ 2.

In the first half of 2010, GlobalMedia purported to assign "the exclusive right to enforce [the SLA], including the right to sue for breach of contract and to collect damages or seek and obtain injunctive or any other relief related to such breach of [the SLA]" to AdjustaCam, LLC.[1] GlobalMedia's Sur-reply Exs. 2–4, ECF No. 39. GlobalMedia reserved a 50% interest in the proceeds of any enforcement activities. <u>Id.</u> Ex. 2 ("ELA") ¶ 3.1.

For diversity jurisdiction purposes, Logitech is a citizen of California; GlobalMedia is a citizen of Arizona, Illinois, and Indiana; and AdjustaCam is a citizen of Texas, Delaware, and California. <u>Id.</u> ¶¶ 5–6; Resp. to Mot. Dismiss at 9, Apr. 14, 2011, ECF No. 15; Tr. Proceedings Held 6/1/11 at 6–7, ECF No. 28. AdjustaCam and Logitech are not diverse (they share California

---

[1] GlobalMedia first executed an assignment of the enforcement rights to Acacia Patent Acquisition LLC (APAC), which in turn assigned all its rights to AdjustaCam. The assignment to APAC was made by a document titled "Exclusive License Agreement," hereinafter referred to as the "ELA."

citizenship), but GlobalMedia and Logitech are.

On July 8, 2010, GlobalMedia's counsel in this action, John J. Edmonds, sent a letter to Logitech on behalf of PAR Technologies and AdjustaCam identifying a dispute about whether certain Logitech products qualify as Licensed Products under the SLA. Logitech's Mot. Dismiss Ex. A, Mar. 16, 2011, ECF No. 9 attachment 2. The AdjustaCam letter also claimed the right to audit Logitech's compliance and to enforce the SLA. The parties did not reach an amicable resolution, and GlobalMedia invoked the SLA's arbitration provision. SAP ¶ 15. Logitech resisted in light of the unexpected involvement of AdjustaCam. GlobalMedia now petitions this court to compel Logitech to arbitrate. Logitech moves to dismiss the petition on several jurisdictional and prudential grounds, all of which concern the relationship between GlobalMedia and AdjustaCam.

## II.     LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), any party bound by an arbitration agreement that falls within the scope of the FAA may petition a federal district court to compel arbitration in the manner provided for in the agreement. 9 U.S.C. § 4. When faced with a petition to compel arbitration, "[t]he court's role under the Act is [] limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted).

An arbitration agreement governed by the FAA is presumed to be valid and enforceable. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987). The party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue. See Green Tree Financial Corp.-Ala. v. Randolph, 531 U.S. 79, 92 (2000).

## III.    DISCUSSION

Federal judicial power is restricted: it extends only to domains explicitly authorized by the

1  Constitution or an Act of Congress, and is limited by the Constitution to the adjudication of actual
2  cases and controversies. U.S. Const. art. III, § 2. This limitation requires that plaintiffs have standing
3  to bring an action. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).
4        Generally speaking, federal district courts have jurisdiction over two categories of cases:
5  those presenting a question of federal law and those between parties of diverse citizenship. 28
6  U.S.C. §§ 1331, 1332. The first category encompasses all civil actions "arising under the
7  Constitution, laws, or treaties of the Untied States." § 1331. The second category includes those
8  actions in which the amount in controversy exceeds $75,000 and in which all plaintiffs are citizens
9  of different states than all defendants. § 1332(a)(1).
10        Because parties may name whomever they please in their pleadings, several rules help courts
11  determine which parties should be considered when deciding whether the exercise of jurisdiction is
12  proper. For example, actions must be prosecuted in the name of the real party in interest, Fed. R.
13  Civ. P. 17, and certain entities whose interests are greatly affected by the litigation must be joined.
14  Fed. R. Civ. P. 19. As a backstop to these rules, 28 U.S.C. § 1359 divests district courts of
15  jurisdiction over cases "in which any party, by assignment or otherwise, has been improperly or
16  collusively made or joined to invoke the jurisdiction of the court.
17        Logitech makes four arguments for dismissal: *first*, that the contracts passing GlobalMedia's
18  rights in the '343 patent and in the SLA to AdjustaCam amounted to a full assignment of the SLA so
19  that GlobalMedia no longer has standing to compel arbitration; *second*, that GlobalMedia
20  manufactured federal jurisdiction by retaining a nominal interest in the SLA; *third*, that as a result of
21  the ELA AdjustaCam, not GlobalMedia, is the real party in interest; and *fourth*, that AdjustaCam is
22  an indispensable party to this action without whom the case cannot proceed. The first two arguments
23  are jurisdictional, while the second two are based in the joinder provisions of the Federal Rules.
24        A.    This Court Has Subject Matter Jurisdiction Over the Petition
25            1.    GlobalMedia has standing to compel arbitration
26  Article III standing requires three things: (1) *an injury* that is (2) *traceable to the defendant*
27  and would be (3) *redressable by a favorable decision of the court*. Bennett v. Spear, 520 U.S. 154,
28  167 (1997). Deprivation of a contractual right suffices to establish injury. See Joint Anti-Fascist

4
CASE NO. 5:11-CV-00778-EJD
ORDER GRANTING SECOND AMENDED PETITION TO COMPEL ARBITRATION

Refugee Comm. v. McGrath, 341 U.S. 123, 152–153 (1951). Logitech contends that GlobalMedia assigned its contractual rights to AdjustaCam, and that it therefore cannot show the personal injury required to establish standing.

The SLA's anti-assignment provision voids any attempted assignment of "rights created hereunder"—i.e., rights created by the contract. The arbitration right is explicitly created at ¶¶ 6.1–6.2 of the SLA. While the efficacy of GlobalMedia's assignment of the right to bring an action for a *breach* of the agreement is perhaps debatable, see Henkel Corp. v. Hartford Accident and Indemnity Co., 29 Cal. 4th 934 (2003), there can be no doubt that GlobalMedia's right to arbitrate a contract dispute with Logitech is covered by the anti-assignment clause.

In addition, GlobalMedia possesses a monetary interest in the outcome of the dispute. Logitech's argument that GlobalMedia lacks an interest is based on a misinterpretation of a statement made by GlobalMedia's counsel. At the hearing on an earlier version of this petition to compel arbitration, GlobalMedia represented that its assignment to AdjustaCam was of "essentially the proceeds of this dispute." Tr. of Proceedings Held on 6/1/11 at 12, filed June 2, 2011, ECF No. 28. While the most natural interpretation of that statement is that GlobalMedia assigned *all* the proceeds of the dispute, the ELA—which was produced after that hearing—makes clear that GlobalMedia retained at least a 50% interest.[2] ELA ¶ 3.1.

Finally, Logitech's reliance on Vaupel Textilmaschinen KG v. Meccanica Euro Italia SpA, 944 F.2d 870 (Fed Cir. 1991), is misplaced. Read narrowly, Vaupel stands for the principle that an exclusive licensee of a patent has standing to sue for infringement in its own name. But this is a contract case: it does not matter what rights AdjustaCam has in the underlying patent. Vaupel also sheds light more generally on what rights assignees need to bring suit in their own name, but here, the assignor is the party bringing suit.[3]

GlobalMedia possesses the right on which it sues and has a monetary stake in the case, so it

---

[2] If the assignment to AdjustaCam were deemed ineffective and GlobalMedia recovered on its own, GlobalMedia would be entitled to all of the proceeds of any dispute.

[3] Vaupel is readily distinguishable on other grounds also. That case decided that the assignor was not a necessary party in the context of Rule 19, but said nothing about the assignor's standing to sue.

is aggrieved by Logitech's refusal to arbitrate. An order compelling arbitration would mend that injury. GlobalMedia therefore has standing to bring this petition.

### 2. The statute prohibiting the improper manufacture of federal jurisdiction does not apply to these facts

By disregarding assignments made improperly or collusively to create federal jurisdiction, section 1359 prevents parties from channeling ordinary business litigation into federal court. Yokeno v. Mafnas, 973 F.2d 803, 809 (9th Cir. 1992) (citing Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 828–29 (1969)). In the face of a § 1359 challenge, the burden of establishing the court's jurisdiction is borne—as always—by the party asserting it. W. Farm Credit Bank v. Hamakua Sugar Co., 841 F. Supp. 976 (D. Haw. 1994), aff'd, 87 F.3d 1326 (9th Cir. 1996).

Here, GlobalMedia was not "made" or "joined" for the purpose of invoking jurisdiction; rather, GlobalMedia is the entity with whom Logitech has had a relationship all along. GlobalMedia therefore has no burden to carry. True, many of the factors that are considered in a § 1359 analysis are present here—for example, that the assignment to AdjustaCam appears to have been made for the purpose of collecting, that the parties share counsel, and that the assignment was made near in time to the filing of the lawsuit. See Yokeno at 810–12. These § 1359 factors would be relevant if *AdjustaCam* were the diverse party.[4]

The underlying contract is between GlobalMedia and Logitech. Even though GlobalMedia has apparently attempted to engage AdjustaCam for collections purposes, this is at bottom a dispute over royalties between GlobalMedia and Logitech. Accordingly, they are the parties that matter for determining whether diversity jurisdiction is proper.

### B. The Petition Names Proper Parties

#### 1. GlobalMedia is a real party in interest

Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." A real party in interest under Rule 17 is a party to whom the relevant substantive law

---

[4] Alternatively, the § 1359 factors might be relevant if GlobalMedia had effectively assigned the agreement to AdjustaCam, and then AdjustaCam had turned around and tried to assign some rights back to GlobalMedia in order to allow GlobalMedia to invoke federal jurisdiction. That scenario can safely be disregarded because the SLA was not assignable in the first place.

grants a cause of action. See U–Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986).

Logitech is understandably frustrated by the difficulty of determining who the real party in interest actually is. GlobalMedia granted AdjustaCam a power of attorney to "bring an action directly in [GlobalMedia's] name." ELA ¶ 6.2. GlobalMedia and AdjustaCam are represented by the same attorney. GlobalMedia and AdjustaCam entered into agreements purporting to transfer the exclusive right to enforce the SLA to AdjustaCam. Id. ¶¶ 1.2, 1.6, 6.1. The initial letter raising this dispute was sent on behalf of AdjustaCam. Logitech characterizes AdjustaCam as GlobalMedia's puppetmaster, and asks the court to rule on its dispute with GlobalMedia as if it were really dealing with AdjustaCam.

Ultimately, GlobalMedia is the only party with the right to compel arbitration, see supra § III.A.1, and GlobalMedia's corporate form cannot be summarily disregarded. Although GlobalMedia and AdjustaCam obviously have a close relationship, GlobalMedia is represented by its duly chosen counsel. GlobalMedia has the substantive right to compel arbitration pursuant to ¶¶ 6.1–6.2 of the SLA, and has at least a 50% stake in the outcome of the litigation. See supra § III.A.1. It is by any measure the real party in interest in this dispute.

### 2. AdjustaCam is not an indispensable party

Rule 19(a)(1) requires that a party be joined to an action if either of the following conditions is satisfied:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If joining a required party would interfere with the court's jurisdiction, the court must determine whether the action should proceed in the party's absence by considering the Rule 19(b) factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and

7
CASE NO. 5:11-CV-00778-EJD
ORDER GRANTING SECOND AMENDED PETITION TO COMPEL ARBITRATION

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

AdjustaCam is a citizen of California, so its joinder would destroy diversity in this case.[5]

Whether or not AdjustaCam is a "required" party as defined by Rule 19(a)(1), this action should proceed between GlobalMedia and Logitech. AdjustaCam's rights are wholly derivative of GlobalMedia's. The outcome of arbitration with respect to the parties' rights and obligations under the SLA will be as binding on AdjustaCam as it is on GlobalMedia and Logitech. No prejudice to any party will result from an order compelling arbitration. By contrast, if the court dismissed the action under Rule 19, GlobalMedia and AdjustaCam might have no remedy. The contract requires any enforcement action to be brought before this court; if this court dismisses the case, they might be barred from enforcing the arbitration clause in any court.

Accordingly, Rule 19 does not mandate dismissal of the action.

### C. The Substantive Merits of the Petition Are Undisputed

Logitech's opposition to the petition to compel arbitration raises only the jurisdictional and prudential issues. The existence of a valid arbitration agreement encompassing the underlying royalty dispute is uncontested.

### IV. CONCLUSION

For the foregoing reasons and for good cause shown, the court hereby DENIES Logitech's motions to dismiss and GRANTS GlobalMedia's Second Amended Petition/Application to Compel Arbitration.

In accordance with ¶ 6.2 of the SLA, the parties shall meet, confer, and agree to an arbitrator within 10 business days. If the parties cannot agree on an arbitrator within 10 days, then on the eleventh business day following the issuance of this order each party must submit to the court a filing containing the name of one proposed arbitrator and an attached CV. The court will either pick between the proposals or refer the matter to an arbitrator of its choosing.

---

[5] The SAP's assertion of federal question jurisdiction is baseless. An action to compel arbitration of a dispute centered around the contractual definition of Licensed Products does not depend on resolution of the patent laws.

8
CASE NO. 5:11-CV-00778-EJD
ORDER GRANTING SECOND AMENDED PETITION TO COMPEL ARBITRATION

GlobalMedia's request for costs and attorney's fees is DENIED.

The case management conference previously set for June 1, 2012 is VACATED.

**IT IS SO ORDERED.**

Dated:  June 7, 2012

EDWARD J. DAVILA
United States District Judge