**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLOBALMEDIA GROUP LLC,<br><br>    Plaintiff,<br>  v.<br><br>LOGITECH INC.,<br><br>    Defendant.<br>_____/ | CASE NO. 5:11-CV-00778-EJD<br><br>**ORDER DENYING MOTION TO STAY ENFORCEMENT OF ORDER COMPELLING ARBITRATION PENDING APPEAL**<br><br>[Re: Docket Item No. 62] |

On June 7, 2012, this Court granted GlobalMedia's Second Amended Petition to Compel Arbitration. Two weeks later, on June 20, Logitech filed the present motion to stay enforcement of the order compelling arbitration pending Logitech's appeal to the Ninth Circuit Court of Appeals.

### I. LEGAL STANDARD

When deciding whether to stay the enforcement of a judgment pending its appeal, courts consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 426 (2009) (citation omitted). To succeed in obtaining a stay, the applicant "must show, at a minimum, that she has a substantial case for relief on the merits." Leiva–Perez v. Holder, 640 F.3d 962, 967–68, 970 (9th Cir. 2011).

## II. DISCUSSION

Logitech's motion indicates that it will argue on appeal that because AdjustaCam is "the real party in interest," see Fed. R. Civ. P. 17(a), and a "necessary" party, see Fed. R. Civ. P. 19, the court lacks diversity jurisdiction over GlobalMedia's petition. Mot. Stay 5–8, ECF No. 62. Notably, Logitech does not rely on an appeal of the Court's finding that 28 U.S.C. § 1359 does not apply to the facts of this case. Neither Logitech's stay motion nor GlobalMedia's opposition mentions § 1359; that argument is raised for the first time in Logitech's reply brief, so the Court disregards it for the purpose of deciding whether to stay of enforcement of the judgment. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (district court "need not consider arguments raised for the first time in a reply brief").

### A. Rule 19

The court turns first to the likelihood of success on appeal of Logitech's argument that AdjustaCam was a "necessary party." By its use of the term "necessary party" Logitech seems to mean "required party." See Mot. 7:23–25 (". . . AdjustaCam will be [] bound by the outcome of arbitration, which confirms it is a *required party* under Rule 19(a)(1)(B)(I).") (emphasis added). Such an argument would not affect the outcome of any appeal. In granting GlobalMedia's petition, this court held that "[w]hether or not AdjustaCam is a 'required' party as defined by Rule 19(a)(1), this action should proceed between GlobalMedia and Logitech" pursuant to Rule 19(b), which lays out standards for determining whether a case should go forward when joinder of an otherwise required party is infeasible.[1]

Even if Logitech's contention that AdjustaCam is a "necessary party" means to challenge the court's Rule 19(b) determination, it has not made a sufficient showing that such a challenge would succeed. The determination of whether an action can proceed in the absence of an otherwise required party is left to the discretion of the district court. Walsh v. Centeio, 692 F.2d 1239, 1241 (9th Cir. 1982). A determination that an action should proceed in the absence of a required party is reviewed only for an abuse of that discretion. Id. Logitech calls into question this court's

---

[1] Joining AdjustaCam is infeasible because its joinder would destroy diversity.

determination that AdjustaCam's rights are wholly derivative of GlobalMedia's, and worries that the assignment provisions of the Settlement and License Agreement will allow AdjustaCam to pursue claims arising out of the SLA even after the matter is arbitrated with GlobalMedia. Mot. Stay at 9–10. In the order granting GlobalMedia's petition, this court effectively ruled that not all the provisions of the SLA are valid—notwithstanding any of GlobalMedia's or AdjustaCam's representations to the contrary. Suffice it to note that Logitech would have a sound defense against any claim brought by AdjustaCam arising out the SLA which Logitech had already arbitrated with GlobalMedia. No other grounds for overturning the Rule 19(b) determination are advanced, so this court concludes that Logitech has not met its burden of showing a "substantial case" for success on appeal.

### B. Rule 17

Logitech has also failed to show a fair prospect of success of its "real party in interest" argument. The "real party in interest" requirement of Rule 17(a) serves "to prevent a defendant from multiple suits and multiple damage awards growing out of the same claim." Hefley v. Jones, 687 F.2d 1383, 1388 (10th Cir. 1982). Logitech alternates between attempting to show that AdjustaCam is "*the* 'real party in interest'" and merely "*a* 'real party in interest.'" Compare Mot. at 5:12–13 with Mot. at 6:14–15 (emphasis added). The distinction is meaningful. See, e.g., Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 85 (4th Cir. 1973) ("That an absent person who cannot be joined is *a* real party in interest does not conclude the matter—the court must determine whether, in equity and good conscience, the action should proceed without the person." (emphasis added)). To win its Rule 17 argument, Logitech will need to show that AdjustaCam was the real party in interest to the exclusion of GlobalMedia.

In an attempt to so demonstrate, Logitech cites five excerpts from the record which it claims this court failed to consider. Mot. at 5:18–6:4. The first and fifth excerpts have to do with AdjustaCam's rights in the '343 patent, which are irrelevant to the petition to compel arbitration of a dispute arising under the SLA contract. The fourth excerpt—an oral characterization made by counsel at a hearing of the terms of a contract—was disregarded because it was clearly contrary to the language of the contract itself, which was in the record.

The second and third excerpts are representations made by AdjustaCam about the efficacy of the purported assignment of the SLA, a legal issue which the court decided in its Order. Order at 5:4–9, ECF No. 60. Because the court found that GlobalMedia did not effectively make a full or complete assignment, it remained a real party in interest. Without any indication that Logitech will appeal the court's determination of the effectiveness of the assignment, it appears that the Rule 17(a) argument will be unable to upend the order compelling arbitration.

### III. CONCLUSION

Logitech has failed to meet its burden here of showing that its appeal will make a "substantial case for relief on the merits." Accordingly, its motion to stay enforcement of the order compelling arbitration pending appeal is DENIED.

**IT IS SO ORDERED.**

Dated: July 13, 2012



EDWARD J. DAVILA
United States District Judge